IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

  *Plaintiff,*

vs.

RAYMOND L. ROGERS,

  *Defendant.*

Case No. 6:10-CR-10186-01-JTM

**MEMORANDUM AND ORDER**

  This matter is before the court on defendant Raymond L. Rogers' Application for Certificate of Appealability (Dkt. 163). In a detailed Memorandum and Order (Dkt. 162) dated December 9, 2014, this court denied defendant's Petition for a Writ of Habeas Corpus (Dkt. 146) pursuant to 28 U.S.C. § 2255 seeking relief from his conviction for aggravated robbery and being a felon in possession of a firearm. Defendant now seeks authorization to appeal the court's denial of his § 2255 motion.

    **I.**  **Legal Standard**

  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), defendant must obtain a Certificate of Appealability ("COA") before he can appeal "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Defendant is not entitled to a COA unless he can make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). Because this court previously denied relief as to all defendant's claims on substantive grounds, defendant may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (construing 28 U.S.C. § 2253(c)); *see also Smith v. United States*, 2013 U.S. Dist. LEXIS 64825, at *11 (D. Kan. May 7, 2013) (holding that a COA applicant must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues were adequate to deserve encouragement to proceed further."). Defendant is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id*. at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

Here, defendant has merely submitted an application for COA to appeal this court's previous order denying his § 2255 petition. He has made no attempt to show that the resolution of the issues raised in that petition, namely ineffective assistance of counsel, would be debatable among jurists, should be resolved differently, or deserves further consideration. As such, defendant fails to make a substantial showing of the denial of a constitutional right. Accordingly, his request for a COA is denied.

**IT IS THEREFORE ORDERED** this 29th day of December, 2014, that defendant's Application for Certificate of Appealability (Dkt. 163) is hereby **DENIED**.

s/J. Thomas Marten
J. Thomas Marten
Chief Judge
