IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

          Plaintiff,

v.                                            Case No. 6:10-CR-10186-JTM

RAYMOND L. ROGERS,

          Defendant.


**MEMORANDUM AND ORDER**

This matter is before the court on defendant Raymond L. Rogers' Motion for Disclosure of Grand Jury Ballot (Dkt. 171). On April 16, 2012, defendant was sentenced to 234 months in prison after a jury convicted him of armed robbery and being a felon in possession of a firearm. Defendant directly appealed his conviction and sentence on the count of bank robbery to the United States Court of Appeals for the Tenth Circuit. *See United States v. Rogers*, 520 Fed. Appx. 727 (10th Cir. 2013). The court affirmed his conviction and sentence. Defendant did not file a petition for writ of certiorari to the United States Supreme Court.

On December 2, 2014, defendant filed a Motion to Vacate, Set Aside, or Correct a sentence pursuant to 28 U.S.C. § 2255, alleging numerous errors. Dkt. 146. This court denied defendant's motion on December 9, 2014. Dkt. 162. Defendant subsequently filed an Application for Certificate of Appealability (Dkt. 163), which this court also denied on December 29, 2014. Dkt. 164.

Nearly eight months later, defendant filed the present Motion for Disclosure of Grand Jury Ballot, seeking to "inspect the record to determine whether the proper amount of jurors agreed in the bringing of the indictment." Dkt. 171, at 1. In its response, the government requests that this court deny the motion given defendant's failure to demonstrate a compelling reason for disclosure. The court agrees.

Federal Rule of Criminal Procedure 6(c) provides that the record of the number of grand jurors voting to indict "shall not be made public except on order of the court." *United States v. Deffenbaugh Indus., Inc.*, 957 F.2d 749, 755 (10th Cir. 1992) (citing FED. R. CIV. P. 6(c)).[1] "The rule affirms that the well-established rule of grand jury secrecy includes the voting record of the grand jurors." *Id*. at 755-56. The Tenth Circuit has long held that, in adopting Rule 6(c), "Congress made the policy decision that the record revealing the number of grand jurors concurring to indict should remain secret absent a particularized, discrete showing of need." *Id*. at 756. *See also United States v. Manley*, 437 F.2d 1250, 1251 (10th Cir.) (minutes kept under Rule 6(c) may only be inspected after showing of materiality), *cert. denied*, 404 U.S. 837 (1971). "The judge, therefore, necessarily exercises discretion in determining whether to order release of the voting record." *Deffenbaugh*, 957 F.2d at 756.

However, the Tenth Circuit also believes "defendants are entitled to the assurance of the district judge that the judge has inspected the grand jury foreperson's report and it contains twelve or more votes to indict." *United States v. Lindsey*, 2004 U.S. Dist. LEXIS 16503, at *7 (D. Kan. May 6, 2004) (quoting *Deffenbaugh*, 957 F.2d at 757) (internal brackets omitted). Anything more, "except upon a showing of particularized need, would negate [Rule 6(c)'s] requirement of secrecy absent an order of the court." *Id*. (internal brackets omitted).

---

[1] Rule 6(c) provides in relevant part: "The foreperson or another juror designated by the foreperson shall keep record of the number of jurors concurring in the finding of every indictment and shall file the record with the clerk of the court, but the record shall not be made public except on order of the court."

First and foremost, the court notes that defendant's request comes nearly five years after the indictment and more than three years after his conviction and sentencing. Defendant was represented by competent counsel throughout the pendency of his criminal proceedings. The court is confident than any issues concerning a deficiency of votes in support of defendant's indictment would have surfaced long ago.

Moreover, defendant has not set forth *any* reason, let alone a compelling reason, for disclosure of the grand jury vote. This alone is sufficient for this court to deny defendant's motion. However, defendant can be assured that, upon his motion, the court performed an *in camera* inspection of the grand jury foreperson's report and can confirm that there were indeed a sufficient number of votes in support of his indictment.

**IT IS THEREFORE ORDERED** this 14th day of September, 2015, that defendant's Motion for Disclosure of Grand Jury Ballot (Dkt. 171) is hereby **DENIED**.

s/J. Thomas Marten
J. Thomas Marten, Judge
