### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAYMOND L. ROGERS,

    Defendant.

Case No. 6:10-CR-10186-JTM

### ORDER DENYING RULE 60(b)(4) MOTION

Before the court is defendant's motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b)(4). (Dkt. 175). Defendant requests this court vacate its order denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkts. 162 and 142, respectively). For the following reasons, the court denies the motion.

When an applicant files a Rule 60(b) motion in a habeas proceeding, a court must make a threshold inquiry into whether the motion should be treated as a second or successive habeas petition, or whether the motion should instead be treated as a "true" Rule 60(b) motion. *See Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A motion will be considered a second or successive habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a 'true' 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that

1

such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215–16. The motion is a "true" Rule 60(b) motion because it is limited to raising the issue of whether this court failed to consider two of the claims he raised in his § 2255 motion. *Peach v. U.S.*, 468 F.3d 1269, 1271 (10th Cir. 2006). The court must now consider the merits of the motion.

Defendant claims that the judgment denying his habeas corpus relief is void and should be set aside under Rule 60(b)(4). A judgment is void under Rule 60(b)(4) "only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir.), *cert. denied*, 419 U.S. 1034 (1974).

Defendant claims that he was denied due process because this court failed to address two of his ineffective assistance of appellate counsel claims in the order denying his previous § 2255 motion. (Dkt. 162). This court, however, discussed and rejected those claims. As to counsel's failure to object to Jury Instruction No. 18, which instructed the jury on the elements for the bank robbery offense, the court found this error harmless because defendant could not show prejudice as a result of it. (Dkt. 162, at 17-19). As to counsel's failure to make an *Alleyne*[1] challenge to the 84-month sentence, the court found "counsel's alleged failure . . . was not a failure at all and would have been irrelevant based on the law at the time of defendant's sentencing" because: 1) *Alleyne* was decided a year after defendant was sentenced; 2) *Alleyne* is not retroactive on collateral review, and 3) the law at the time of defendant's sentence was that an increase in mandatory minimums was a question for the judge, not the jury. (*Id.*, at 21-22). Defendant made these claims against both his trial and

---

[1] *Alleyne v. United States,* 133 S. Ct. 2151 (2013).

appellate counsel. The court specifically noted that, "In instances where defendant makes the same claim against both his trial and appellate counsel, the alleged errors will be discussed together." (*Id.*, at 7). A separate analysis was not required as to each counsel. Accordingly, defendant was accorded due process.

## Certificate of Appealability

Defendant requests that this court, upon granting this motion and ruling on the merits of his constitutional claim, not rule on a certificate of appealability until he actually requests one. The court's decision to deny the motion renders this argument moot.

Rule 11 of the Rules Governing Section 2255 Proceedings requires a district court to issue or deny a certificate of appealability upon entering a final adverse order. *Smith v. United States*, 2013 U.S. Dist. LEXIS 64825, at *10-11 (D. Kan. May 7, 2013). This certificate "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2254(c)(2). The applicant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000) (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Defendant fails to meet this standard. Nothing suggests that the court's denial of the Rule 60(b)(4) motion is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

The court, therefore, declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** this 23rd day of December, 2015, that Defendant's Rule 60(b)(4)-motion (Dkt. No. 175) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
