IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                            No. 10-10186-01-JWB

RAYMOND L. ROGERS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255. (Doc. 200.) As set forth below, the court finds the motion is a second or successive one under § 2255, and accordingly it is DISMISSED for lack of jurisdiction.

**I. Background**.

On December 7, 2010, Defendant and two others were charged by indictment with three counts: bank robbery, brandishing a firearm during a crime of violence, and unlawful possession of a firearm by a convicted felon. (Doc. 12). A superseding indictment adding three counts relating to another alleged robbery was filed (Doc. 54), but was later dismissed on a motion by the government. (Doc. 91.) A jury trial was held on the three charges in the original indictment; the jury convicted Defendant on all three counts. (Doc. 103.)

Defendant was sentenced by the Hon. J. Thomas Marten to a controlling term of 234 months imprisonment. Judgment was entered on April 17, 2012. (Doc. 120.) On direct appeal, the Tenth Circuit affirmed the judgment and sentence. (Doc. 142.)

On December 2, 2013, Defendant filed a motion to vacate under § 2255, arguing among other things that he received ineffective assistance of counsel. (Docs. 146, 147.) Defendant also

filed several supplemental briefs. (Docs. 148, 155, 157, 158, 160.) Judge Marten denied the motion in a 25-page written order filed December 9, 2014, and denied a certificate of appealability. (Docs. 162, 164.) Defendant appealed the denial of his § 2255 motion, but the Tenth Circuit dismissed the appeal. (Doc. 169.) The Supreme Court denied a petition for writ of certiorari. (Doc. 170.)

On January 11, 2016, Defendant filed a Motion for Relief From the Judgment under Fed. R. Civ. P. 60(b)(4), arguing the court erred in the § 2255 ruling by failing to address certain arguments. (Doc. 175.) Defendant also moved to amend his § 2255 motion. (Doc. 177.) Judge Marten denied the motion for relief from judgment, denied the motion to amend as moot, and denied a motion by Defendant to reconsider. (Docs. 178, 180, 181.) Defendant appealed; the appeal was dismissed by the Tenth Circuit. (Doc. 189.) The Tenth Circuit also denied Defendant's petition for a writ of mandamus (Doc. 194), and the Supreme Court denied his petition for writ of certiorari. (Doc. 196.)

**II. New § 2255 Motion**

On November 19, 2018, Defendant filed the motion now before the court: an additional motion to vacate sentence under § 2255. (Doc. 200.) This motion argues that Defendant's Fifth and Sixth Amendment rights were violated because the original indictment on which he was tried was invalidated by the filing of a superseding indictment. (*Id.* at 3-4.)

**III. Analysis**

Section 2255(h) provides in part that a second or successive § 2255 motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain certain newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. 28 U.S.C. § 2255(h). Defendant's motion is clearly a § 2255, as it seeks to vacate his conviction and sentence, and it is just as clearly a second or successive motion under § 2255. *See*

*United States v. McCoy*, 464 F.3d 1213, 1215 (10th Cir. 2006) (motion is second or successive petition if it reasserts a federal basis for relief from petitioner's conviction.) *See also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (motion seeking to assert new challenge to conviction or new evidence in support of a previous claim challenging conviction is a successive habeas petition.)

Absent authorization from the appropriate court of appeals, a district court has no jurisdiction to consider a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). In such circumstances, the district court may either dismiss the motion for lack of jurisdiction or transfer it to the court of appeals if it is in the interest of justice to do so. *Id.* at 1252. Where a defendant's petition is plainly insufficient, it is appropriate for the district court to dismiss the matter. *Id.*

The court concludes Defendant's § 2255 motion should be dismissed. Defendant's claim that the indictment against him was invalid due to the filing of a superseding indictment is contrary to well-established law. *See United States v. Bowen*, 946 F.2d 734, 736 (10th Cir. 1991) (no authority for "the proposition that a superseding indictment zaps an earlier indictment to the end that the earlier indictment somehow vanishes into thin air.")

IT IS THEREFORE ORDERED this 13th day of December, 2018, that Defendant's Motion to Vacate Sentence Under § 2255 (Doc. 200) is DISMISSED FOR LACK OF JURISDICTION.

An appeal from a final order on a § 2255 may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

         ___s/ John W. Broomes_____
         JOHN W. BROOMES
         UNITED STATES DISTRICT JUDGE