IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                        Case No. 10-10186-01-JWB

RAYMOND L. ROGERS,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate sentence under 28 U.S.C. § 2255. (Doc. 215.) A review of the record shows that the motion is a second or successive § 2255 motion. *See* Doc. 201 (denying Defendant's prior § 2255 motion as a second or successive motion.) As the court previously pointed out, Section 2255(h) provides in part that a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain certain newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. (Doc. 201 at 2) (citing 28 U.S.C. § 2255(h). Absent such authorization, a district court has no jurisdiction to consider a second or successive § 2255 motion. *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). Under the circumstances, the court concludes the motion is appropriately dismissed. *Id.*

IT IS THEREFORE ORDERED this 11th day of December, 2019, that Defendant's motion to vacate sentence under § 2255 (Doc. 215) is DISMISSED FOR LACK OF JURISDICTION.

An appeal from a final order on a § 2255 may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of

a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

>        _____s/ John W. Broomes_____
> JOHN W. BROOMES
> UNITED STATES DISTRICT JUDGE