IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 10-10186-01-JWB

RAYMOND L. ROGERS,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motions for certificate of appealability (Doc. 217) and for leave to appeal in forma pauperis ("IFP"). (Doc. 219.) For the reasons stated herein, the motions are DENIED.

Defendant's motion for a certificate of appealability is denied for the same reasons stated by the court in its Memorandum and Order of December 11, 2019, which concluded that Defendant had failed to make a substantial showing of the denial of a constitutional right. (Doc. 216 at 1-2.)

The motion for leave to appeal IFP is similarly denied. Under the governing IFP statute, a district court may authorize a person to appeal without prepayment of fees if the person makes the requisite showing of an inability to pay the fees associated with the appeal. 28 U.S.C. § 1915(a). An appeal may not be taken IFP, however, "if the trial court certifies in writing that it is not taken in good faith." *Id.*, § 1915(a)(3). *See also* Fed. R. App. P. 24(a)(3) (party previously permitted to proceed IFP may do so on appeal unless the district court certifies the appeal is not taken in good faith). Thus, "to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *United States v. Garcia,* 164 F.

App'x 785, 787, n. 1 (10th Cir. 2006) (quoting *Lister v. Dep't of Treasury,* 408 F.3d 1309, 1311 (10th Cir. 2005)).

Defendant has made no showing of a reasoned, nonfrivolous argument in support of any issue on appeal. The court dismissed Defendant's most recent § 2255 motion on the grounds that it was a second or successive motion. (Doc. 216.) Defendant's notice of appeal appears to argue that the court erred in doing so because Defendant "has correct[ed] the deficiencies found by the court" in ruling on Defendant's prior § 2255 motions, such that the court's dismissal of the most recent § 2255 is manifestly unjust. (Doc. 218 at 7.) For reasons previously indicated by the court, Defendant's motion is plainly a second or successive one under § 2255, meaning this court has no jurisdiction to address it. Moreover, Defendant fails to identify any colorable basis for appealing the order.

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the court certifies that an appeal of this matter is not taken in good faith, as Defendant has cited no colorable basis in law or fact for an appeal of any issues raised in his motion.

IT IS THEREFORE ORDERED this 24th day of January 2020, Defendant's Motion for Certificate of Appealability (Doc. 217) is DENIED, and that Defendant's Motion for Leave to Appeal In Forma Pauperis (Doc. 219) is DENIED. In accordance with Fed. R. App. P. 24(a)(4), the Clerk of the Court shall immediately notify the parties and the Tenth Circuit Court of Appeals of this order. Pursuant to Fed. R. App. P. 24(a)(5), Defendant may file a motion to proceed on appeal IFP in the Tenth Circuit Court of Appeals within thirty days after service of the aforementioned notice.

                                             _____s/ John W. Broomes_____
                                             JOHN W. BROOMES
                                             UNITED STATES DISTRICT JUDGE