IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                               Case No. 10-10186-01-JWB

RAYMOND L. ROGERS,

        Defendant.


**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for relief from judgment under Rule

60(b) and memorandum in support.  (Docs. 234, 235.)  The government has filed a response.  (Doc.

238.)  No reply has been filed and the time for doing so has now expired, making the motion ripe

for decision.  For the reasons stated herein, the motion is DENIED.

### I.  Background

In December 2011, Defendant was convicted by a jury on three counts: bank robbery (18

U.S.C. §2113(a)); brandishing a firearm during and in relation to a crime of violence (18 U.S.C.

§924(c)); and felon in possession of a firearm (18 U.S.C. §922(g)).[1]  In April 2012, he was

sentenced by the Hon. J. Thomas Marten to a controlling term of 234 months imprisonment, to be

followed by five years of supervised release.  (Doc. 120.)  In April 2013, Defendant's convictions

and sentence were affirmed by the Tenth Circuit on direct appeal.  (Doc. 142.)

A.  Initial § 2255 proceedings.  Defendant filed his initial motion to vacate sentence under

28 U.S.C. § 2255 in December of 2013.  (Doc. 146.)  Defendant also filed several related materials,

---

[1] Defendant was one of three individuals charged in the indictment.  (Doc. 12.)  Each count included a charge of aiding and abetting under 18 U.S.C. § 2.  (*Id.*)

including a memorandum in support (Doc. 147), two supplements (Docs. 148, 155), a reply (Doc. 157), a motion to amend (Doc. 158), and a motion for summary judgment (Doc. 160). One of the arguments in Defendant's initial § 2255 motion was that his trial and appellate counsel were ineffective for failing to challenge jury instructions on the bank robbery count. Defendant argued the instructions violated his Fifth and Sixth Amendment rights because they described the elements of 18 U.S.C. § 2113(d), but the indictment charged Defendant under § 2113(a). (Doc. 146 at 3-4; Doc. 147 at 7-9.) Subsection (d) – sometimes referred to as the "armed robbery" provision – makes it an offense if a person, in the course of committing a bank robbery under § 2113(a), "puts in jeopardy the life of any person by the use of a dangerous weapon." 18 U.S.C. § 2133(d). Although the trial court's instruction on the essential elements of the bank robbery offense cited § 2113(a) and included all the elements of that offense, it also included the armed robbery element from subsection (d), despite the fact the indictment did not charge it. (Doc. 98 at 20) (Instruction No. 18.)

In its initial habeas response, the government conceded Instruction 18 had "constructively amended" the indictment and that counsel's performance in failing to object was unreasonable. (Doc. 156 at 39-40.) But it argued Defendant suffered no prejudice because the jury necessarily found the elements of the charged § 2113(a) offense in its verdict.[2] (*Id.* at 41.) The government further argued that if defense counsel had objected, the court would have merely removed the armed robbery element, and the jury would still have found Defendant guilty of all the remaining

---

[2] The government's use of the term "constructive amendment" was technically incorrect. A constructive amendment does not occur unless "there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment." *United States v. Edwards*, 782 F.3d 554, 561 (10th Cir. 2015) (citation omitted). As the government pointed out in its response, the jury necessarily convicted Defendant of the offense charged in the indictment.

elements.  (*Id.*)  In reply, Defendant argued that a constructive amendment of the indictment is per se reversible error.  (Doc. 157 at 24.)

Two weeks after filing his initial habeas reply, Defendant filed a motion to amend his petition.  (Doc. 158.)  The motion to amend asserted two additional arguments: (1) trial counsel was ineffective for failing to file a post-trial motion challenging the sufficiency of the evidence for the armed robbery element[3] (*Id.* at 2-3); and (2) appellate counsel was ineffective for failing to inform the Tenth Circuit about the armed robbery element and thereby prevented the court from reviewing the sufficiency of the evidence for it.  (*Id.* at 3.)  Defendant's motion to amend argued the court should "resolve this meritorious issue" and grant relief from the conviction.  (*Id.* at 4.)  Judge Marten entered a docket text entry granting the motion to amend and added that "[n]o response from the government is necessary."  (Doc. 159.)  Four months later, Defendant filed a motion for summary judgment.  (Doc. 160.)  It mentioned Defendant's motion to amend (referred to by Defendant as "another Supplement motion" filed in May) and included arguments about trial and appellate counsel's failures to object or raise the "constructive amendment" of the indictment.  (*Id.* at 1-2, 4-6.)  It further asserted that counsel's failure to bring the armed robbery element to the Tenth Circuit's attention meant that court did not determine whether the evidence supported that element, and that because counsel "did not argue … such errors in the trial court or on … appeal," counsel's assistance was ineffective.  (*Id.* at 5-6.)

---

[3] The evidence at trial showed that three masked men entered the subject bank, with two of the men brandishing handguns. The armed men ordered bank employees to open the vault and threatened to shoot if the employees failed to comply.  The robbers obtained over $100,000 in cash.  After the three men left the bank, officers pursued them to an apartment complex, where the men split up.  The driver of the getaway car was apprehended after being shot by police.  Police heard screaming coming from Building 12 of the complex and began clearing apartments.  They located a second suspect in apartment 1211.  Officers then cleared five individuals out of apartment 1217.  In doing so officers saw Defendant stick his head out of a bedroom and then go back in the room.  Officers arrested Defendant, who wore a white t-shirt that was stained with red dye from a bank dye-pack that had exploded as the robbers were making their getaway.  Officers also found $62,300 in cash in a bag inside a toilet tank in apartment 1217.  Other items from the robbery, including dye-stained cash and two loaded semi-automatic handguns, were found in the getaway car (one of two cars used by the robbers), which had crashed at the apartment complex.  (Doc. 162 at 1-3.)

On December 9, 2014, Judge Marten denied Defendant's § 2255 motion and Defendant's motion for summary judgment.  (Doc. 162.)   The opinion did not specifically reference Defendant's motion to amend or the two arguments contained therein. (*Id.* at 4-5.)  It did address, however, Defendant's claims of ineffective assistance of trial and appellate counsel for failing to object to the robbery instruction.  Judge Marten found that although Instruction 18 "should not have included the fourth element [i.e., the armed robbery element], … the jury … necessarily had to find a violation of § 2113(a) in their deliberations," such that Defendant "cannot show prejudice as a result of counsel's error."[4]  (*Id.* at 19.)  A direct appeal of the ruling was dismissed (Doc. 169) and a petition for writ of certiorari was denied.  (Doc. 170.)

B.  Subsequent proceedings.  In November 2015, Defendant filed a motion under Rule 60(b) for relief from the judgment, asserting that the court failed to rule on two of his § 2255 claims.  (Doc. 175.)   The court denied the motion, pointing out that it had in fact addressed those claims.  (Doc. 178.)  The Tenth Circuit dismissed Defendant's appeal of the ruling and also denied his request for a writ of mandamus.  (Docs. 189, 193.)  The Supreme Court thereafter denied Defendant's petitions for writ of certiorari. (Docs. 191, 194, 196.)

On November 19, 2018, Defendant filed another motion (his second) to vacate sentence under 28 U.S.C. § 2255.  (Doc. 200.)  The court dismissed that motion for lack of jurisdiction, and the Tenth Circuit dismissed Defendant's appeal.  (Docs. 201, 210.)  The Supreme Court denied Defendant's petition for writ of certiorari.  (Doc. 214.)

Defendant filed his third motion to vacate sentence under 28 U.S.C. § 2255 on December 2, 2019.  (Doc. 215.)  The court dismissed the motion for lack of jurisdiction on December 11,

---

[4] Judge Marten noted that the sentence he imposed on the bank robbery count (150 months) did not exceed the statutory maximum of 20 years imprisonment authorized by 18 U.S.C. § 2113(a).  Moreover, a review of the Presentence Report shows that the erroneous jury instruction had no impact on Defendant's guideline calculation.

2019, and the Tenth Circuit dismissed Defendant's appeal of the ruling on March 27, 2020.  (Docs. 216, 233.)

On June 8, 2020, Defendant filed the instant motion for relief from judgment under Fed. R. Civ. P. 60(b), which seeks relief from the judgment "entered on December 9, 2014, which terminated [Defendant's initial] § 2255" motion.  (Doc. 234 at 4.)  The motion complains that a June 6, 2014, order by the court granted Defendant's request to amend his § 2255 motion but "never set a deadline (i.e. date)" for when the amendment was due, "a fatal defect to the integrity" of the proceedings. (*Id.* at 5.)  Defendant alleges that he "just now became aware of this court's June 6, 2014, order, from carefully reviewing, looking over and studying a Docket Sheet which was just recently sent to him" by the court.  (*Id.* at 5.)  Although the text entry also stated that it was mailed to Defendant in 2014, Defendant claims he did not receive it.  Defendant contends that if he had received timely notice of this order, he would have filed an amended § 2255 motion instead of the motion for summary judgment that he actually filed.  (*Id.* at 6.)  Defendant contends this was a denial of due process that warrants granting relief under Fed. R. Civ. P. 60(b)(4) and (b)(6) to allow him to reopen his § 2255 and file amended claims.  (*Id.* at 10.)

**II. Standards**

When an applicant files something labeled "Rule 60(b)" motion in a habeas proceeding, the court must initially determine whether the filing should be treated as a habeas petition or as a "true" Rule 60(b) motion.  *Spitznas v. Boone,* 464 F.3d 1213, 1215 (10th Cir. 2006).  It is treated as a habeas petition if, in substance or effect, it asserts a federal basis for relief from the underlying conviction.  *Id.* (citing *Gonzales v. Crosby,* 545 U.S. 524, 538 (2005)).  Conversely, it is considered a true Rule 60(b) motion if it either: (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the

5

integrity of the federal habeas proceeding, provided that such a challenge "does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1216 (citing *Gonzales,* 545 U.S. at 532).

"Federal Rule of Civil Procedure 60(b) provides an 'exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Johnson v. Spencer*, 950 F.3d 680, 694 (10th Cir. 2020) (citing *United Student Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 269–70 (2010) (internal quotation marks omitted)).

Rule 60(b)(4) states that the court must relieve a party from a judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "A judgment is void under Rule 60(b)(4) 'only in the rare instance where [the] judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" *Johnson,* 950 F.3d at 694 (quoting *Espinosa*, 559 U.S. at 271). Relief is mandatory if a judgment is found void. *Id.*

Rule 60(b)(6) permits a court to relieve a party from a judgment for any "reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This rule "allows federal courts to relieve a party from a judgment for any reason – other than those in the five enumerated preceding categories – that justifies relief." *Id.* (citing Fed. R. Civ. P. 60(b)(6)). "We have described Rule 60(b)(6) as a 'grand reservoir of equitable power to do justice in a particular case.'" *Id.* at 700-01 (citations omitted.) "Although 'the rule should be liberally construed when substantial justice will thus be served … relief under Rule 60(b)(6) is extraordinary and reserved for exceptional circumstances." (*Id.* at 701) (citations and quotations marks omitted.) The rule allows consideration of a wide range of circumstances, including "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis,* 137 S. Ct. 759, 778 (2017) (citation

omitted).  Relief is reserved for cases where the moving party makes some showing of a good claim or meritorious defense.  *See id.* (citing 11 Wright & Miller, Fed. Practice and Proc. § 2857).

Any motion under Rule 60(b) must be brought within a reasonable time.  Fed. R. Civ. P. 60(c)(1).

### III.  Discussion

The court first finds that Defendant's motion is a true Rule 60(b) motion.  A true Rule 60(b) motion includes a challenge to a defect in the integrity of the federal habeas proceeding, provided it is not a merits-based attack on the disposition of the habeas petition.  *Spitznas,* 464 F.3d at 1215. Defendant argues that his failure to receive the court's June 6, 2014, order prevented him from filing an amended § 2255 petition, and he contends this was a defect in the integrity of the habeas proceeding that justifies relief under Rule 60(b)(4) or (b)(6).  (Doc. 234 at 5.)  The claim that a procedural defect prevented Defendant from asserting § 2255 claims, and his accompanying request for relief in the form of reopening his § 2255 proceeding to permit the filing of the claims, is a true Rule 60(b) motion within the meaning of *Spitznas* and *Gonzales.  See Gonzales,* 545 U.S. at 534 ("The motion … confines itself not only to the first federal habeas petition, but to a nonmerits aspect of the first federal habeas proceeding.")

A.  <u>Reasonable time under Rule 60(c)(1)</u>.  The court finds Defendant has failed to allege facts showing he asserted the motion within a reasonable time as required by Rule 60(c)(1).  "To determine whether a Rule 60(b) motion is timely, the court examines the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Howard v. Farmers Ins. Co., Inc.*, No. 18-4011-DDC-GEB, 2019 WL 6525670, at *1 (D. Kan. Dec. 4, 2019), *reconsideration denied*, No. 18-4011-DDC-GEB, 2020 WL 1935026 (D. Kan. Apr. 22, 2020)

(citing *Mullin v. High Mountain*, 182 F. App'x 830, 833 (10th Cir. 2006)) (internal quotation marks

and additional citations omitted.))  The alleged procedural error of which Defendant complains

occurred approximately six years before he filed the instant Rule 60(b) motion.  Defendant's only

explanation for this delay is that he recently became aware "from carefully reviewing, looking

over and studying a Docket Sheet" that Judge Marten had granted his motion to amend in 2014.

(Doc. 234 at 5.)  But that does not explain why he failed to review the docket sheet or otherwise

inquire at any time over the last six years, beginning in 2014 when he filed the motion to amend

and Judge Marten granted it by text entry, or in the ensuing months when he filed a summary

judgment motion and then pursued an appeal of Judge Marten's denial of his § 2255, or even in

subsequent years when he filed multiple § 2255 motions and other matters.  In fact, the record

indicates Defendant was aware by 2014 or 2015 – or at least believed – that his motion to amend

had been granted and that the arguments contained in his motion to amend formed part of his §

2255 claims.  Defendant's October 2014 motion for summary judgment shows he understood his

§ 2255 petition had been supplemented by his May 2014 motion to amend.  (*See* Doc. 160 at 1)

(Defendant noting his § 2255 claims included "another Supplement motion" filed in May 2014).

Defendant's appeal of Judge Marten's denial of the § 2255 motion reflects the same understanding.

*See* Application for Certificate of Appealability at 4, *United States v. Rogers,* No. 15-3013 (10th

Cir. Fed. 2, 2015).  Moreover, the record in that 2015 appeal included the same docket sheet that

Defendant says only recently made him realize his motion to amend had been granted.  *See* Record

on Appeal, *United States v. Rogers*, No. 15-3013 (10th Cir. Mar. 5, 2015) (Docs. 158, 159).

In short, Defendant had every conceivable opportunity in 2014 or 2015 to know or discover

the circumstances he now contends justify relief from the judgment.  His current allegations do

not explain his apparent belief in 2014 that his motion to amend had been granted, nor do they

explain his failure to discover that fact in the course of litigating his § 2255 motion, or why it took

six years to obtain information that would have been disclosed by even a cursory look at the record.

Nor do the circumstances he cites outweigh the significant interest in finality attaching to a 2012

judgment arising from a 2010 robbery.   The court accordingly finds the motion has not been

brought within a reasonable time under Rule 60(c)(1) and that it should be denied on that basis.

B.   <u>Rule 60(b)(4) – void judgment</u>.  Even if Defendant's motion had been brought within

a reasonable time, it still would not satisfy the standards for relief under Rule 60(b)(4).

Defendant's allegations are not sufficient to show the judgment is void due to deprivation of notice

or the opportunity to be heard.  The notion that Defendant was deprived of an opportunity to be

heard is hardly compatible with the fact that he was able to file a motion to vacate (Doc. 146),

memorandum in support (Doc. 147), a first supplement (Doc. 148), a second supplement (Doc.

155), a reply (Doc. 157),  and a motion for summary judgment (Doc. 160), all in addition to his

motion to amend (Doc. 158).  As for the motion to amend, it is clear that Judge Marten considered

the arguments contained in that motion to be Defendant's requested amendments.  It is also clear

that this was the only possible reasonable construction of the motion itself, which said Defendant

"has just recently been made aware of this meritorious issue," specifically set forth the

"meritorious issue" in two parts, both dealing with the insufficiency of the evidence for the armed

robbery element, and asked the court to "resolve this meritorious issue."   (Doc. 158 at 1-3.)

Defendant now claims he did not get notice that the motion to amend was granted and suggests he

would have filed *different* amended claims had he been given a specific filing deadline, but he

never identifies any such claims or explains how the lack of a deadline prevented him from filing

his claims in the months after his motion to amend was granted.  Defendant never asked the district

court to consider any amendments other than those specified in his motion to amend, although he

9

clearly had time to do so.  As for Judge Marten's ruling on the merits of the § 2255 motion, it is possible that he overlooked the two claims in Defendant's motion to amend, although it is also possible he considered them to be subsumed within Defendant's claims that his counsel was ineffective for not challenging the erroneous bank robbery instruction, which were denied for lack of any prejudice.  (Doc. 162 at 18-19.)  At any rate, Defendant had an opportunity to seek review of that ruling and to raise any claims of error with the Tenth Circuit.  Defendant unquestionably knew by that point that Judge Marten had denied all of his claims, yet Defendant did not argue that Judge Marten erred by overlooking or denying the arguments in his motion to amend or by not allowing him to assert further amendments.  *See* Appellant's Combined Opening Brief and Application for Certificate of Appealability at 12-15, No. 15-3013 (10th Cir. Mar. 20, 2015). Defendant cites no valid reason why he should be relieved from the consequences of his decision not to raise those issues on appeal.  A motion under Rule 60(b)(4) "is not a substitute for a timely appeal" and "does not provide a license for litigants to sleep on their rights."  *Johnson v. Spencer*, 950 F.3d 680, 699 (10th Cir. 2020) (quoting *Espinosa,* 559 U.S. at 270).   *See also Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.")  In sum, the record shows Defendant had notice and an opportunity to be heard on his claims.  He fails to allege facts showing a lack of due process or a void judgment.

　　　　C. Rule 60(b)(6) – other reasons that justify relief.  Defendant's motion likewise fails to show a basis for relief under Rule 60(b)(6).  Defendant has not shown the type of extraordinary circumstances that would justify relief under this provision.  As noted previously, Defendant waited six years before making his current arguments but offers no reasonable explanation for the delay.  He had an opportunity to raise the issues he now complains about in a prior appeal to the

Tenth Circuit but failed to do so.   Defendant also makes no showing of a meritorious claim or valid defense that he was unable to assert in the § 2255 proceeding.  The two arguments contained in Defendant's motion to amend his § 2255 claims argued in part that because the agreed-upon jury instructions included the armed robbery element, that element became essential for conviction under the law-of-the-case doctrine, and the government failed to present sufficient evidence to support that element.  *See* Doc. 158 at 2-3.  Defendant cited several Tenth Circuit cases in support of that argument, but "those holdings have now been overruled" by the Supreme Court's opinion in *Musacchio v. United States,* 136 S. Ct. 709, 715 (2016), "which held that 'when a jury instruction sets forth all the elements of the charged crime but incorrectly adds one more element, a sufficiency challenge should be assessed against the element of the charged crime, not against the erroneously heightened command in the jury instruction….'"  *United States v. Iverson,* 818 F.3d 1015, 1027 (10th Cir. 2016) (quoting *Musacchio*).  Defendant thus shows no likelihood of prevailing on the only amended § 2255 claims he has identified in his filings.  Moreover, there is a strong interest in maintaining the finality of the underlying criminal judgment in this case, considering the strength of the evidence at trial and the fact that any possible retrial of a 2010 robbery would likely be difficult at this point, if not impossible, given the number of witnesses involved and the passage of time.

### IV.  Conclusion

Defendant's motion (Doc. 234) for relief from the judgment under Rule 60(b) is DENIED.  IT IS SO ORDERED this 23rd day of October, 2020.

A certificate of appealability is required to appeal from the denial of a true Rule 60(b) motion.  *Spitznas,* 464 F.3d at 1218.  Such a certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The applicant

must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Saiz v. Ortiz,* 392 F.3d 1166, 1171 n.3 (10th Cir. 2004). For the reasons cited in this order, including the case of *Musacchio v. United States,* 136 S. Ct. 709, 715 (2016), the court finds Defendant has not satisfied this standard.  The court accordingly DENIES a certificate of appealability.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE