IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         Case No. 10-10186-JWB

RAYMOND L. ROGERS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's "Motion to Amend And/Or Supplement" (Doc. 248.) For the reasons stated below, the court concludes the motion is a successive motion under 28 U.S.C. § 2255 and it is accordingly DISMISSED for lack of jurisdiction.

Having previously attempted multiple times to file successive § 2255 motions, and having found no success, Defendant now attempts to "amend" or "supplement" a § 2255 motion he filed in 2013. (Doc. 248 at 1.) The motion is based on the faulty premise that rulings by the district judge in 2013 and 2014 "did not terminate Movant's § 2255 proceedings," leaving Defendant free to amend his 2013 motion. (*Id.* at 3.) The district court in fact denied Defendant's initial § 2255 motion in 2014 (Doc. 162) and Defendant's appeal of that ruling was dismissed by the Tenth Circuit. (Doc. 169.)

Section 2255(h) provides in part that a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain certain newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court.

28 U.S.C. § 2255(h). Absent such authorization, a district court has no jurisdiction to consider a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Defendant's current motion seeks to amend his complaint to allege that his sentence is unlawful. Such a motion is properly treated as a motion under § 2255. *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (petitioner's belated attempt to amend his § 2255 motion under Rule 15 was a successive § 2255 motion). As such, this court has no jurisdiction to address it.

**Conclusion**.

Defendant's motion to amend or supplement (Doc. 248) is DISMISSED FOR LACK OF JURISDICTION.

An appeal from a final order on a § 2255 may not be taken absent a certificate of appealability, which may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court concludes Defendant has failed to make such a showing and accordingly a certificate of appealability is DENIED.

IT IS SO ORDERED this 1st day of November, 2021.

                                                _____s/ John W. Broomes_____
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE