IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 10-10186-01-JWB

RAYMOND L. ROGERS,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for relief from judgment (Doc. 267) and motion for leave to file an amended certificate of appealability (Doc. 272). For the reasons stated herein, the motions are DENIED.

Defendant seeks relief from the "December 9, 2014, judgment denying [his] 28 U.S.C. § 2255 Motion to Vacate a federal sentence…." (Doc. 267 at 1) (citing Doc. 162.) The motion relates to a text entry order by Judge Marten in 2014 that granted Defendant's motion to amend his § 2255 motion, and to Judge Marten's subsequent ruling denying Defendant's § 2255 motion. (*See* Docs. 159, 162.) Defendant complains he was denied due process of law in connection with the rulings because he allegedly did not receive Judge Marten's order allowing him to amend the motion. (Doc. 267 at 4.)

Defendant's motion for relief is largely identical to a Rule 60(b) motion he filed on June 8, 2020 (Doc. 234), and which the court rejected on October 23, 2020. (Doc. 239.) Like the prior motion, Defendant's instant motion argues he was denied due process of law because he was denied a chance to amend his § 2255 motion. The court again rejects Defendant's motion for relief

under Rule 60(b).  As an initial matter, the court finds the motion has not been brought within a reasonable time and is therefore time-barred.  *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be brought within a reasonable time….").  Defendant is seeking to challenge a judgment entered almost ten years ago but fails to show he could not have raised the alleged defect at the time of or shortly after Judge Marten's 2014 ruling.  (*Cf.* Doc. 239 at 8) (noting untimeliness of Defendant's prior Rule 60 motion.)  Additionally, the court denies the motion insofar as it relies on Rule 60(b)(4) and (b)(6) for the same reasons expressed in its 2020 order.  (*See* Doc. 239 at 9-11) (rejecting Defendant's Rule 60(b)(4) and (b)(6) arguments.)

### **Conclusion**

Defendant's motion for relief from judgment (Doc. 267) is DENIED.

A certificate of appealability is required to appeal from the denial of a true Rule 60(b) motion.  *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006).  Such a certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The applicant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004).  The court finds Defendant has not satisfied this standard. The court accordingly DENIES Defendant's motion for leave (Doc. 272) and DENIES a certificate of appealability.   IT IS SO ORDERED this 9th day of January, 2023.

                                    _____s/ John W. Broomes_____
                                    JOHN W. BROOMES
                                    UNITED STATES DISTRICT JUDGE