IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Case No.  10-10186-JWB

RAYMOND L. ROGERS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), (Doc. 293), and his motion to amend a Federal Rule 59(e) motion pursuant to Fed. R. Civ. P. 15(c)(1)(B).  The motions are DENIED for the reasons stated herein.

### I.    Facts

On December 1, 2011, Defendant was convicted by a jury of "robbing a federally-insured bank in violation of 18 U.S.C. § 2113(a); brandishing a firearm during the robbery in violation of 18 U.S.C. § 924(c)(1)(A); and possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1)." (Doc. 162 at 3; Doc. 103).  Defendant then filed a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 on December 2, 2013.  (Doc. 162 at 4; Doc. 146.) Defendant also filed a motion for summary judgement on October 9, 2014 that alleged ineffective assistance of counsel.  (Doc. 160).  When reviewing Defendant's § 2255 motion and motion for summary judgment, the court realized that the ineffective assistance of counsel claims were identical to three assignments of error in Defendant's § 2255 motion.  (Doc. 162 at 5.)  The court then assessed both motions in a single order, and it found all Defendant's assignments of error to

1

be without merit and denied both motions.  (*Id.* at 5, 25.)  The court also declined to issue Defendant a certificate of appealability ("COA") for that order.  (*Id.* at 25.)  It entered the order on December 9, 2014.  (Doc. 164.)

Defendant now seeks to alter or amend that 2014 order pursuant to Fed. R. Civ. P. 59(e). Defendant takes issue with the court's denial of a certificate of appealability.  He argues the court committed a "manifest clear error of law" when it declined to issue a certificate of appealability. (Doc. 293 at 2.)  According to Defendant, the court misapprehended and misapplied Rule 11 of the rules that govern § 2255 proceedings, and as a result, deprived him of a statutory right to seek an appeal of the court's decision in his § 2255 motion. (*Id.* at 2.)  Thus, pursuant to Fed. R. of Civ. P 59(e), Defendant moves for this court to correct the court's alleged prior misapplication of Rule 11 in its 2014 order.

Defendant has also filed a motion to amend his 2014 Rule 59(e) motion pursuant to Fed. R. Civ. P. 15(c)(1)(B).  Defendant claims his Rule 59(e) motion was filed on December 24, 2014. (Doc. 295 at 1.)

## II.   Analysis

### A.   Motion to Alter or Amend a Judgment Under Fed. R. Civ. P. 59(e)

Defendant cannot rely upon Fed. R. Civ. P. 59(e) to alter or amend the court's order from 2014.  Rule 59(e) permits parties to file a motion to alter or amend a judgment *within 28 days* of its filing.  Fed. R. Civ. P. 59(e).  Plaintiff is attempting to amend/alter a judgment from 2014— well beyond the 28-day time period. Thus, Defendant improperly relies on Rule 59(e), and his motion is **denied**.

**B.      Motion to Amend 2014 Rule 59(e) Motion Under Fed. R. Civ. P. 15(c)(1)(B)**

Defendant's request to amend his Rule 59(e) motion from 2014 is **denied** because he never filed a Rule 59(e) motion on December 24, 2014.  Alternatively, if Defendant is attempting to amend his Rule 59(e) motion discussed in this order and filed on April 15, 2024, (Doc. 293), the court refers Defendant to Section II.A herein, where the court **denied** his motion because it was untimely.

Regardless, Defendant's motion to amend his Rule 59(e) motion and the attached exhibits, (Doc. 295-2), appear to be a request for this court to reconsider the claims in his § 2255 motion from 2013.  Defendant cannot do this; he cannot circumvent the COA requirement by raising arguments from his § 2255 motion in Rule 59(e) motions.   *See* 28 U.S.C. § 2253(c)(1)(B). Additionally, as discussed by the Tenth Circuit in its recent order dismissing Defendant's appeal of this court's denial of his application for a COA, Defendant *cannot* repeatedly attempt to obtain a COA to appeal an order for which the court has previously denied a COA.  (Doc. 294 at 2, 4) (citing *United States v. Mendes*, 912 F.2d 434, 438 (10th Cir. 1990)).

Accordingly, Defendant's motions (Docs. 293, 295) are DENIED.

IT IS SO ORDERED.  Dated this 15th day of May, 2024.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE