IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                    Case No. 10-10186-JWB

RAYMOND ROGERS,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion seeking leave to appeal the court's order, (Doc. 296), to proceed in forma pauperis ("IFP"). (Doc. 303.) For the following reasons, Defendant's motion is denied.

On April 14, 2024, Defendant filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the court's order from 2014. (Doc. 293.) The court denied Defendant's Rule 59(e) motion because it was filed well beyond the 28-day time period. (Doc. 296 at 2.) The court also denied Defendant's motion to amend his 2014 Rule 59(e) motion. (Doc. 295.) The court denied Defendant's motion to amend his 2014 Rule 59(e) motion for two reasons: (1) he never filed a Rule 59(e) motion in 2014, and (2) his motion was actually a request for the court to reconsider his § 2255 motion from 2013. (Doc. 296 at 3.) Defendant appealed this order. (Doc. 297.) Noticing that the court did not state whether it would grant a certificate of appealability ("COA") for its May 15, 2024, order, the Tenth Circuit issued a limited remand to the court on that issue. (Doc. 300.) The court then denied Defendant a COA for its May 15, 2024, order. (*See* Doc. 301.) Nevertheless, Defendant now seeks leave to appeal the May 15 order IFP—an appeal he filed before the court denied him a COA.

1

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." For an appeal to be taken in good faith, a party must raise a reasoned and nonfrivolous argument on the law and facts at issue in the action. *See United States v. Garcia*, 164 F. App'x 785, 786 (10th Cir. 2006). The court has denied Defendant's previous four requests to appeal IFP on the basis that he failed to raise reasoned and nonfrivolous arguments on the law and facts at issue in those actions. (*See* Docs. 208, 187, 222, 284.) Defendant once again fails to do just that. Indeed, Defendant does not raise a single argument in his motion, filing only his IFP application and his inmate inquiry. (Doc. 303.)

It is THEREFORE ORDERED that Defendant's motion for leave to appeal IFP (Doc. 303) is DENIED. In accordance with Fed. R. App. P. 24(a)(4), the Clerk of the Court shall immediately notify the parties and the Tenth Circuit Court of Appeals of this order. Pursuant to Fed. R. App. P. 24(a)(5), Defendant may file a motion to proceed on appeal IFP in the Tenth Circuit Court of Appeals within thirty days after service of the aforementioned notice.

IT IS SO ORDERED. Dated this 13th day of August, 2024.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE